**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4293**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

MICHAEL ANTONIO DOZIER,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:14-cr-00079-MSD-TEM-1)

Submitted:  January 29, 2016          Decided:  February 16, 2016

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Frances H. Pratt, Suzanne V. Katchmar, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Kaitlin Courtney Gratton, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dozier pled guilty to being a felon in possession of a firearm. He received an 84-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three claims but asserting that there are no meritorious grounds for appeal. Although informed of his right to do so, Dozier has not filed a supplemental brief. The Government declined to file a response. We affirm.

Counsel first contends that Dozier's plea was not knowing and voluntary because the district court did not inquire at the Fed. R. Crim. P. 11 hearing whether Dozier understood that he was waiving his right to present evidence and to testify on his own behalf. See Fed. R. Crim. P. 11(b)(1)(E). Because Dozier did not move to withdraw his plea, we review this claim for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no plain error, as the district court substantially complied with Rule 11 when accepting Dozier's plea. Given no indication to the contrary, we therefore find that the plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Counsel also questions whether the sentence is procedurally reasonable in two respects. First, counsel claims that Dozier's offense level may have been improperly calculated under U.S.

Sentencing Guidelines Manual § 2K2.1(a)(2) (2014) because one of the prior drug convictions used to enhance the sentence was for distributing an imitation controlled substance. Second, counsel questions an enhancement under USSG § 2K2.1(b)(6)(b) for possession of a firearm in connection with another felony offense.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This court first reviews the sentence for significant procedural error, and if the sentence is free from such error, it then considers the substantive reasonableness of the sentence. Id. at 51.

Because Dozier did not object to the use of the imitation distribution conviction in calculating his sentence, we review for plain error whether the court procedurally erred in this regard. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). We conclude that the district court did not procedurally err in applying the USSG § 2K2.1(a)(2) enhancement. There was no plain error in treating distribution of an imitation substance as a conviction for distribution of a counterfeit substance under the Guidelines. See United States v. Mills, 485 F.3d 219, 222 (4th Cir. 2007) (Maryland conviction for possession with intent to

3

distribute a look-alike controlled substance qualifies under USSG § 2K2.1(a)(2) as a counterfeit substance).

Finally, Dozier claims error in receiving a four-level enhancement for possessing the firearm in connection with another felony offense—possession with intent to distribute marijuana. See USSG § 2K2.1(b)(6)(B). Under the Guidelines, the "in connection with" requirement is satisfied where "in the case of a drug trafficking offense in which a firearm is found in close proximity to the drugs, . . . application of [the enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense. USSG § 2K2.1 cmt. n.14(B); see also United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009).

No clear error is apparent from the record. The facts sufficiently supported that the half ounce of marijuana packaged in 10 separate small baggies, alongside $350 in cash and a loaded firearm, both also found on Dozier's person, was intended for distribution. Thus, the enhancement under USSG § 2K2.1(b)(6)(B) was appropriate.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Dozier's conviction and sentence. This court requires that counsel inform Dozier, in writing, of the right to petition the Supreme Court of the United States for

4

further review.  If Dozier requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dozier.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED